UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

THEODORE M. NICKENS,                   :
                                       :
          Petitioner                   :
                                       :
     v.                                :   CIVIL NO. 3:CV-04-1818
                                       :
PENNSYLVANIA BOARD OF PROBATION :   (Judge Conaboy)
AND PAROLE,                            :
                                       :
          Respondent                   :
_____

**MEMORANDUM AND ORDER**
**Background**

     This pro se petition for writ of habeas corpus was

initiated by Theodore M. Nickens, an inmate presently confined

at the Rockview State Correctional Institution, Cresson,

Pennsylvania (SCI-Cresson).  Named as Respondent is the

Pennsylvania Board of Probation and Parole (Parole Board).

Service of the petition was previously ordered.

     Nickens was convicted of third degree murder in the

Delaware County Court of Common Pleas.  On March 4, 1988, the

Petitioner was released on parole.  He was arrested on April 10,

1990 in the District of Columbia (D.C.) and charged with

burglary related offenses.  As a result of his arrest, the

Parole Board issued a parole violation warrant which was lodged

as a detainer with D.C. authorities.

Nickens was convicted of the D.C. charges and sentenced to an eleven (11) to forty (40) year term of imprisonment on September 19, 1991.  During 1999, the Parole Board lodged a second detainer for the purpose of obtaining custody of Nickens following the completion of his D. C. sentence.  Petitioner was granted parole with respect to his D.C. conviction and returned to Pennsylvania on August 10, 2004.

A parole violation hearing was conducted on September 16, 2004.  By decision dated October 22, 2004, the Parole Board concluded that Nickens should be recommitted as a convicted parole violator based on his D.C. conviction.  The recalculated maximum term of his Pennsylvania state sentence will expire on August 15, 2009.

In his present action, Petitioner contends that his Pennsylvania state sentence expired in 1995, thus, he concludes that his ongoing incarceration is unconstitutional.  He adds that the Parole Board's initial detainer prevented his release on bail.  Consequently, Nickens also claims that his D.C. period of confinement should be applied towards service of his Pennsylvania state sentence.

## **Discussion**

### **Exhaustion**

The Respondent argues in part that Nickens' present petition should not be entertained because he failed to exhaust his available state court remedies.  As a threshold matter, a

2

habeas petitioner must either show that the federal

constitutional claims asserted in the federal habeas petition

have been "fairly presented" to the state courts, or that there

is an absence of available state court corrective process, or

that circumstances exist rendering the available state court

process ineffective to protect the petitioner's rights.  See 28

U.S.C. § 2254(b).[1]

     However, as correctly recognized by the Respondent, the

question of exhaustion need not be resolved as the claims

presented by Nickens are clearly without merit.  See 28 U.S.C. §

2254(b)(2)(a federal court can deny a habeas petition "on the

merits, notwithstanding the failure of the applicant to exhaust

the remedies available in the courts of the State").

**Sentence Recalculation**

     Petitioner's initial claim contends that his Pennsylvania

state parole expired in 1995.  Consequently, he asserts that he

is entitled to release.

_____

     [1]  Section 2254(b)(1) of title 28 U.S.C. provides:

          (b)(1) An application for writ of habeas corpus
          on behalf of a person in custody pursuant to
          the judgment of a State court shall not be
          granted unless it appears that --

          (A) the applicant has exhausted the remedies
          available in the courts of the State; or

          (B)(i) there is an absence of available State
          corrective process; or (ii) circumstances exist
          that render such process ineffective to protect
          the rights of the applicant.

3

It is undisputed that Nickens was granted parole before the maximum term of his Pennsylvania state sentence expired. Specifically, at the time of his parole on March 4, 1988, Petitioner had five (5) years and five (5) days remaining to be served on his Pennsylvania state sentence.

While still on parole, Nickens was arrested in D.C. and charged with new criminal conduct.  As the result of this arrest, which occurred on April 10, 1990, the Parole Board issued a parole violation warrant.

As part of the subsequent parole revocation procedures, Petitioner's Pennsylvania state sentence was recalculated by the Parole Board to reflect that he was not entitled to credit for any time spent on parole.  The recalculation computed Petitioner's maximum release date by adding five (5) years and five (5) days (the amount of time remaining on Petitioner's sentence at the time of his March 4, 1988 parole release) from the date Nickens was returned to Pennsylvania state custody, August 10, 2004.

When a parolee is convicted of a new criminal offense while on parole, Pennsylvania law, 61 P.S. §§ 331.21 and 33.21a, requires that "the parolee serve the entire remaining balance of the original term, with no credit for time served on parole." Gaito v. Pennsylvania Board of Probation and Parole, 563 A.2d 545, 547  (Pa. Cmwlth. 1989).  It is undisputed that Nickens had five (5) years and five (5) days left to be served on his

original sentence when he was granted his parole.  As noted above, Petitioner was not entitled to credit for any time spent on parole.  As discussed below, time spent in service of his D.C. sentence could not also be counted towards service of his Pennsylvania sentence.

Consequently, the remainder of Petitioner's sentence was properly calculated as beginning on August 10, 2004, the date Nickens was returned to Pennsylvania state custody.  Since the recalculation of his original sentence by the Parole Board was in accordance with Pennsylvania state law, Nickens is not entitled to federal habeas corpus relief.

**Sentence Credit**

Nickens contends that he was not given credit for pre-trial confinement in D.C. from April 10, 1990 to September 19, 1991. See Doc. 25.  He also claims entitlement to credit for time served while his D.C. appeal was pending, specifically, from July 7, 1993 to July 6, 1996. Id.  Respondent contends that since those periods of time were applied towards service of Nickens' D.C. sentence, he is not entitled to have that time also credited towards service of his parole violation term.

Petitioner's remaining argument contends that because the Parole Board detainer prevented his release on bond, time spent in D.C. custody should be credited towards service of his Pennsylvania parole violator term.  Respondent contends that this claim is baseless because all time spent in D.C. custody

5

was applied towards service of his D.C. sentence and thus, cannot be applied towards service of his Pennsylvania state sentence.

The Pennsylvania Supreme Court in <u>Gaito V. Pennsylvania</u> <u>Board of Probation and Parole</u>, 412 A.2d 568, 571 (1980) held that time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term only when the parolee was eligible for, and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant against him.  However, Pennsylvania courts have recognized an exception to the above holding, namely, that a parolee is not entitled to credit against his original sentence if the parolee is convicted of a new offense and a new sentence is imposed. <u>See</u> <u>Jones v.</u> <u>Pennsylvania Board of Probation and Parole</u>, 831 A.2d 162 (Pa. Cmwlth. 2003).

In <u>Martin v. Pennsylvania Board of Probation and Parole</u>, 840 A.2d 299, 309 (Pa. 2003), the Pennsylvania Supreme Court clarified that "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to **either** the new sentence or the original sentence."  (emphasis added).  Federal courts have similarly held that a prisoner may not receive credit on a sentence for time that has already been credited against service of another sentence. <u>See</u> <u>generally</u> <u>Chambers v. Holland</u>, 920

6

F.Supp. 618, 623 (M.D. Pa.), aff'd 100 F.3d 946 (3d Cir. 1996).

It is initially noted that the Petitioner has not provided this Court with any clear indication that he would have been able to obtain his release on bail in D.C.  More importantly, the Respondent has submitted documents clearly establishing that the Petitioner's D.C. sentence was calculated as commencing on April 10, 1990 (the date of Petitioner's arrest) and concluding on the date of his parole release.  Nickens has not come forward with any evidence disputing the Respondent's submissions.  Thus, this Court has no basis to refute the Respondent's contention that every day of the Petitioner's D.C. confinement was credited towards service of his D.C. sentence.

Nickens is not entitled to an award of double credit, his period of pre-trial D.C. confinement and time served while his D.C. appeal was pending cannot be applied towards service of both his D.C. sentence as well as service of the remainder of his Pennsylvania sentence.

Since Nickens has not presented a viable basis for an award of federal habeas corpus relief, his petition will be denied. An appropriate Order will enter.

AND NOW, THEREFORE, THIS 21st DAY OF NOVEMBER, 2005, IT IS HEREBY ORDERED THAT:

       1.    The petition for writ of habeas corpus is denied.

       2.    Petitioner's motions (Doc. 28) requesting his immediate release is denied.

       3.    The Clerk of Court is directed to close the case.

4.    Based on the Court's determination, there is no

basis for the issuance of a certificate of

appealability.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge